**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WALTER ) | Case Number |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| ) | |
| ) | |

<u>**COMPLAINT AND JURY DEMAND**</u>

**COMES NOW,** Plaintiff, Michael Walter, by and through his undersigned counsel, Bruce K. Warren, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I.      <u>**INTRODUCTORY STATEMENT**</u>

1.      Plaintiff, Michael Walter (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u> ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and Defendant's corporate office is located in this District.

## III.    PARTIES

4.      Plaintiff, Michael Walter ("Plaintiff") is an adult natural person residing at 5638 138th Avenue, Holland MI 49423.

5.      Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Michigan and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham PA  19044.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      Beginning in or around mid March 2009 and continuing through July 2009, Plaintiff has been and continues to receive collection calls, almost every day and

sometimes several times per day, from the Defendant on an emergency pre-paid cell phone he purchased for his minor children.

8.      During each and every call, the agents for the Defendant ask to speak to "Joseph Boehms".

9.      Plaintiff is not "Joseph Boehms" nor does Plaintiff know anyone by that or any similar name.

10.     Plaintiff explains the issue with each agent of the Defendant every time they calls the cell phone.

11.     Plaintiff has repeatedly requested that Defendant's agents not call his pre-paid cell phone again because it has limited minutes, which are to be used in the case of emergency only.

12.     Defendant's agents have indicated that they will remove the cell phone number from their system and yet continue to call and harass Plaintiff and his minor children.

13.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

14.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

15.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

16.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA.

18.     The above paragraphs are hereby incorporated herein by reference.

19.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), b(3), c(a)(1), d, d(5), d(6), e, e(10), e(11) and f.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

     a.        Declaratory judgment that the Defendant's conduct violated the FDCPA;

     b.        Actual damages;

     c.        Statutory damages pursuant to 15 U.S.C. §1692k;

     d.        Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

     e.        Such addition and further relief as may be appropriate or that the interests of justice require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  July 24, 2009**      **BY: /s/ Bruce K. Warren**
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff